UNITED STATES FIDELITY AND GUARANTY COMPANY,
Plaintiff

v.

WARREN E. BROWN, Defendant

Civil No. 228 - 1957

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 13, 1958

WILLIAM W. BAILEY, ESQUIRE, Charlotte Amalie, Virgin Islands, *for plaintiff*

ALMERIC L. CHRISTIAN, ESQUIRE, Christiansted, Virgin Islands, *for defendant*

MARIS, *Circuit Judge*[*]

It appears in this case that the defendant, representing that he was the treasurer of the Saint Thomas Development Authority, made application for a fidelity bond to the plaintiff in which application he, among other things, agreed to indemnify the plaintiff against any loss, damage or expense, including court costs and counsel fees, resulting from liability upon the bond for which he was applying, and stipulated that any payments made in good faith by the plaintiff on account of any such liability, whether or not it was actually liable therefore, should be conclusive evidence of his liability thereunder.

Pursuant to that application the bond here involved was executed by the defendant as principal and the plaintiff as surety under date of August 6, 1952 and was delivered to the proper authorities.

I find from the evidence that Mr. Brown was the treasurer of the Saint Thomas Development Authority, whether de facto or de jure it is unnecessary to determine. He acted as such and among his duties was the duty of being responsible for having custody of and depositing with the Department of Finance the funds received by the Authority for rentals and water charges and other similar items, which from time to time would be received by the Authority.

I find from the evidence that Mr. Brown failed in his responsibility faithfully to perform these duties, and that of the monies received for which he was responsible the sum of $3,540.00 was not deposited with the Department of Finance as it was his duty to do.

[*]Oral opinion.

I make no finding as to where that money went. It is not material here. There is no evidence upon which I could make a finding in that regard. But is is clear from the evidence, the exhibits and the oral testimony, that Mr. Brown was at the very least grossly negligent in carrying out his duties, in violation of his responsibility to the Authority and to the Government of the Virgin Islands.

The plaintiff was required to respond upon the condition of the bond, and did respond and made good the deficiency to the extent of $3,540.00 upon the demand and upon the filing of proof of claim by the Government of the Virgin Islands on behalf of the Authority, which, of course, was an agency of the Government.

I conclude that the plaintiff is entitled to recover upon both theories relied upon by it. First, upon the theory that the defendant himself failed to comply with the condition of the bond in that he failed well and faithfully to perform the duties of his office to such an extent that a loss of $3,540.00 to the Government of the Virgin Islands ensued; and, secondly, because I find that the payment made by the plaintiff to the Government upon the bond of the sum of $3,540.00 was a payment which was made in good faith by the company with ample basis for so acting, and therefore under the express agreement which the defendant had with the plaintiff he is precluded from questioning his liability here. Therefore, on both bases I find for the plaintiff.

Accordingly, judgment will be entered in favor of the plaintiff and against the defendant in the sum of $3,540.00, with costs and a counsel fee of $250.00.